■ In the Matter of RAYMOND ALLEN, Petitioner, v JERRY BILINSKI, Sued as JERRY BOLINSKY, Respondent. [654 NYS2d 777] —Determination of respondent New York State Racing and Wagering Board, dated December 21, 1994, which suspended petitioner's trainer's license for a period of 60 days, and denied petitioner the privileges of the grounds at all harness tracks in New York State for the period of suspension, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Stephen Crane, J.], entered September 21, 1995), is dismissed, without costs.

Petitioner failed to rebut the presumption of trainer responsibility that arises under 9 NYCRR 4120.4 when one of the horses under his care and custody tested positive for the presence of restricted drugs (9 NYCRR 4120.2) directly following its participation in a race. Although petitioner claimed that a veterinarian administered the drugs without petitioner's knowledge or consent at the behest of the horse's owner, petitioner admitted that he regularly used the veterinarian's services. Therefore, petitioner failed to demonstrate that the veterinarian was not also an agent or employee of his as defined under the regulation. In addition, even assuming, arguendo, that the veterinarian was not the agent of petitioner, there clearly was substantial evidence in the record to support the Board's conclusion that petitioner failed to guard the horse so as to prevent "any person whether or not employed by or connected with the owner or trainer" from administering the drugs in question (9 NYCRR 4120.4; *see*, *Matter of Casse v New York State Racing & Wagering Bd.*, 70 NY2d 589).

We have considered petitioner's other arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Rubin and Andrias, JJ.